1  KAREN P. HEWITT
   United States Attorney
2  DAVID D. LESHNER
   Assistant U.S. Attorney
3  California State Bar No. 207815
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7163
   David.Leshner@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          )   Criminal Case No. 07-CR-3301-JLS
                                       )
11                 Plaintiff,          )   DATE:    March 21, 2008
                                       )   TIME:    1:30 p.m.
12        v.                           )
                                       )
13  RODOLFO VASQUEZ-GONZALEZ,          )   **UNITED STATES' RESPONSE AND**
                                       )   **OPPOSITION TO DEFENDANT'S**
14                 Defendant.          )   **MOTION FOR DISCOVERY**
                                       )
15  _____)

16

17        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18  Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and

19  hereby files its response and opposition to defendant Rodolfo Vasquez-Gonzalez' motion for discovery.

20  Said response and opposition is based upon the files and records of this case together with the attached

21  memorandum of points and authorities.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I**

3

**STATEMENT OF THE CASE**

4        On February 20, 2008, defendant Rodolfo Vasquez-Gonzalez was arraigned on a two-count

5  Indictment charging him with bringing in illegal aliens for financial gain, harboring illegal aliens and

6  aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii), (a)(1)(A)(iii) and (v)(II) and 18 U.S.C.

7  § 2.  Defendant entered a plea of not guilty.

8

**II**

9

**STATEMENT OF FACTS**

10  **A.      Defendant's Apprehension**

11        In the early morning hours of November 8, 2007, Border Patrol Agent J. Arroyo was on duty in

12  the "East Fence" area of Calexico, California, approximately one-half mile east of the Calexico East

13  Port of Entry.  At approximately 3:20 a.m., Agent Arroyo received a report that there was a hole in the

14  International Boundary Fence just south of First Street.  Suspecting that alien smugglers had cut the hole

15  to facilitate the entry of illegal aliens into the United States, Agent Arroyo responded to the location and

16  positioned himself in a concealed location where he could maintain sight of the hole.

17        At approximately 3:39 a.m., Agent Arroyo observed a suspected illegal alien enter the United

18  States through the hole in the International Boundary Fence and proceed north.  As Agent Arroyo

19  approached the alien, he saw Defendant standing outside 739 First Street, Apartment A, a residence

20  located directly across the street from the fence.  Defendant yelled for the suspected alien to run into the

21  apartment and also made hand gestures beckoning her to enter.

22        Agent Arroyo identified himself as a Border Patrol Agent and commanded Defendant and the

23  suspected alien to stop where they were.  Defendant ignored the command, retreated inside the

24  apartment and locked the door.  The suspected alien attempted to enter the apartment, but Agent Arroyo

25  apprehended her before she could do so.

26        Agent Arroyo conducted a field interview of the suspected alien who identified herself as

27  Lizbeth Bojorquez-Salazar.  In response to Agent Salazar's questioning, Bojorquez admitted to being

28  a citizen of Mexico without documents allowing her to lawfully enter or remain in the United States.

1  Agent Arroyo then arrested Bojorquez, and she was transported to the Calexico Border Patrol Station

2  for processing.

3       Agent Arroyo remained in the vicinity of 739 First Street, Apartment A, and several minutes

4  later he heard Defendant ask a passing pedestrian whether there were any "migra" (slang for Border

5  Patrol) in the area.  The pedestrian responded, "no," and Agent Arroyo observed two individuals exit

6  the apartment through the back door.  Agent Arroyo approached the individuals and asked them to tell

7  Defendant to come out of the residence.  Defendant exited the residence shortly thereafter and was

8  placed under arrest.

9  **B.    Defendant's Post-Arrest Statement**

10      Defendant received <u>Miranda</u> warnings and declined to make a statement.

11 **C.    Material Witness' Statement**

12      Bojorquez informed agents that she had traveled from Sinaloa to Mexicali, Mexico on or about

13 October 8, 2007.  Following an unsuccessful attempt to enter the United States using false documents,

14 Bojorquez stated that her cousin made arrangements for her to be smuggled into the United States for

15 $2,500.  The smuggler arrived at Bojorquez' hotel room in the evening of November 7, 2007 and told

16 her he would return after he cut a hole in the fence.  The smuggler returned at approximately 3:00 a.m.,

17 and took her to the hole in the fence.

18      The smuggler pointed to where Defendant was standing and told her she should go through the

19 hole, run to Defendant and enter his apartment.  When Bojorquez was proceeding through the hole, she

20 heard Defendant yell to her and gesture to her to run inside the apartment.  Bojorquez stated she

21 attempted to enter the apartment but was apprehended before she could do so.  Bojorquez identified

22 Defendant from a six-pack photo lineup as the individual who told her to run into the apartment.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

07CR3301-JLS

1                                                          **III**

2                                                   **ARGUMENT**

3   **A.      Motion For Discovery**

4        The Government has and will continue to fully comply with its discovery obligations. To

5   date, the Government has provided defendant with 66 pages of discovery, including the report of his

6   arrest, his rap sheet and a DVD of his post-arrest statement and the material witness' statement.

7        In an attempt at simplification, this memorandum will address two specific areas of discovery:

8   (1) items which the Government either has provided or will voluntarily provide; and (2) items demanded

9   or discussed by Defendant which go beyond the strictures of Rule 16 and are not discoverable.

10               **1.      Items which the Government has provided or will voluntarily provide.**

11               a.      The Government will disclose to Defendant and make available for inspection,

12  copying or photographing:  any relevant written or recorded statements made by Defendant, or copies

13  thereof, within the possession, custody, or control of the Government, the existence of which is known,

14  or by the exercise of due diligence may become known, to the attorney for the Government; and that

15  portion of any written record containing the substance of any relevant oral statement made by Defendant

16  whether before or after arrest in response to interrogation by any person then known to Defendant to be

17  a Government agent.  The Government also will disclose to Defendant the substance of any other

18  relevant oral statement made by Defendant whether before or after arrest in response to interrogation

19  by any person then known by Defendant to be a Government agent if the Government intends to use that

20  statement at trial.

21               b.      The Government will permit Defendant to inspect and copy or photograph books,

22  papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof,

23  which are within the possession, custody or control of the Government, and which are material to the

24  preparation of Defendant's defense or are intended for use by the Government as evidence during its

25  case-in-chief at trial, or were obtained from or belong to Defendant;[1]

26

27        [1] Rule 16(a)(1)(C) authorizes defendant to examine only those Government documents material
    to the preparation of his defense against the Government's case-in-chief. United States v. Armstrong,
28  517 U.S. 456, 463 (1996).   Rule 16 does not require the disclosure by the prosecution of evidence it
    intends to use in rebuttal. United States v. Givens, 767 F.2d 574, 583 (9th Cir. 1984).

                                                          4

1          c.          The Government will permit Defendant to inspect and copy or photograph any

2  results or reports of physical or mental examinations, and of scientific tests or experiments, or copies

3  thereof, which are in the possession, custody or control of the Government, the existence of which is

4  known, or by the exercise of due diligence may become known, to the attorney for the Government, and

5  which are material to the preparation of his defense or are intended for use by the Government as

6  evidence during its case-in-chief at trial;[2]

7          d.          The Government has furnished to Defendant a copy of his prior criminal record,

8  which is within its possession, custody or control, the existence of which is known, or by the exercise

9  of due diligence may become known to the attorney for the Government;

10          e.          The Government will disclose the terms of all agreements (or any other

11  inducements) with cooperating witnesses, if any are entered into;

12          f.          The Government may disclose the statements of witnesses to be called in its case-

13  in-chief when its trial memorandum is filed;[3]

14          g.          The Government will disclose any record of prior criminal convictions that could

15  be used to impeach a Government witness prior to any such witness' testimony;

16          h.          The Government will disclose in advance of trial the general nature of other

17  crimes, wrongs, or acts of Defendant that it intends to introduce at trial pursuant to Rule 404(b) of the

18  Federal Rules of Evidence;

19          i.          The Government acknowledges and recognizes its continuing obligation to

20  disclose exculpatory evidence and discovery as required by Brady v. Maryland, 373 U.S. 83 (1963),

21

22          [2] The Government need not "disclose every single piece of paper that is generated internally in
conjunction with scientific tests." United States v. Iglesias, 881 F.2d 1519, 1524 (9th Cir. 1989).

23

24          [3] Production of these statements is governed by the Jencks Act and need occur only after the
witness testifies on direct examination. United States v. Mills, 641 F.2d 785, 789-790 (9th Cir. 1981);
United States v. Dreitzler, 577 F.2d 539, 553 (9th Cir. 1978). For Jencks Act purposes, the Government

25  has no obligation to provide the defense with statements in the possession of a state agency. United
States v. Durham, 941 F.2d 858, 861 (9th Cir. 1991). Prior trial testimony does not fall within the scope

26  of the Jencks Act. United States v. Isigro, 974 F.2d 1091, 1095 (9th Cir. 1992). Further, an agent's
recorded radio transmissions made during surveillance are not discoverable under the Jencks Act.

27  United States v. Bobadilla-Lopez, 954 F.2d 519, 522-23 (9th Cir. 1992). The Government will provide
the grand jury transcripts of witnesses who have testified before the grand jury if said testimony relates

28  to the subject matter of their trial testimony. Finally, the Government reserves the right to withhold the
statement of any particular witness it deems necessary until after the witness testifies.

07CR3301-JLS

1  Giglio v. United States, 405 U.S. 150 (1972), the Jencks Act and Rules 12 and 16 of the Federal Rules

2  of Criminal Procedure, and will abide by their dictates.[4]

3         **2.**     **Items which go beyond the strictures of Rule 16**

4           **a.**      **Disclosure of witness information**

5       Defendant seeks numerous records and information pertaining to potential Government

6  witnesses. Regarding these individuals, the Government will provide Defendant with the following

7  items prior to any such individual's trial testimony:

8            (1)     The terms of all agreements (or any other inducements) it has made with

9  cooperating witnesses, if they are entered into;

10            (2)     All relevant exculpatory evidence concerning the credibility or bias of

11  Government witnesses as mandated by law; and,

12            (3)     Any record of prior criminal convictions that could be used to impeach

13  a Government witness.

14       The Government opposes disclosure of rap sheet information of any Government witness prior

15  to trial. See United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). Furthermore, any uncharged

16  prior misconduct attributable to Government witnesses, all promises made to and consideration given

17  to witnesses by the Government, and all threats of prosecution made to witnesses by the Government

18  will be disclosed if required by Brady and Giglio.

19           **b.**      **Agents' rough notes**

20       Although the Government has no objection to the preservation of agents' handwritten notes, the

21  Government objects to their production at this time. If during any evidentiary proceeding, certain rough

22  notes become relevant, these notes will be made available.

23  / / /

24  / / /

25

26      [4] Brady requires the Government to produce all evidence that is material to either guilt or
punishment. The Government's failure to provide the information required by Brady is constitutional
27  error only if the information is material, that is, only if there is a reasonable probability that the result
of the proceeding would have been different had the information been disclosed. Kyles v. Whitley, 514
28  U.S. 419 (1995). However, neither Brady nor Rule 16 require the Government to disclose inculpatory
information to the defense. United States v. Arias-Villanueva, 998 F.2d 1491 (9th Cir. 1993).

           07CR3301-JLS

1    Prior production of these notes is not necessary because they are not "statements" within the

2    meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness'

3    assertions <u>and</u> they have been approved or adopted by the witness.  <u>United States v. Spencer</u>, 618 F.2d

4    605, 606-07 (9th Cir. 1980); <u>United States v. Kaiser</u>, 660 F.2d 724, 731-32 (9th Cir. 1981); <u>United

5    States v. Griffin</u>, 659 F.2d 932, 936-38 (9th Cir. 1981).

6                        **c.        Government reports, summaries and memoranda**

7    Rule 16 provides, in relevant part:

8        [T]his rule does not authorize the discovery or inspection of reports, memoranda, or
         other internal government documents made by the attorney for the government or <u>other</u>
9        <u>government agent in connection with the investigating or prosecuting of the case</u>.

10   Rule 16(a)(2).  This subsection exempts from disclosure documents prepared by government attorneys

11   and agents that would otherwise be discoverable under Rule 16.  <u>United States v. Fort</u>, 472 F.3d 1106,

12   1110 & n.2 (9th Cir. 2007).

13   As expressed previously, the Government recognizes its obligations pursuant to <u>Brady</u>, <u>Giglio</u>,

14   Rule 16, and the Jencks Act.[5]  But the Government shall not turn over internal memoranda or reports

15   which are properly regarded as work product exempted from pretrial disclosure.[6]  Such disclosure is

16   supported neither by the Rules of Evidence nor case law and could compromise other areas of

17   investigation still being pursued.

18                       **d.        Addresses and phone numbers of Government witnesses**

19   Defendant requests the names and addresses of prospective Government witnesses.  While the

20   Government <u>may</u> supply a tentative witness list with its trial memorandum, it objects to providing home

21   addresses and telephone numbers.  <u>See</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685, 688 (9th Cir.

22   1980); <u>United States v. Conder</u>, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for

23   the addresses of actual Government witnesses).  A request for the home addresses and telephone

24   numbers of Government witnesses is tantamount to a request for a witness list and, in a non-capital case,

25   there is no legal requirement that the Government supply defendant with a list of the nonexpert

26   _____

27   [5] Summaries of witness interviews conducted by Government agents are not Jencks Act
     statements.  <u>United States v. Claiborne</u>, 765 F.2d 784, 801 (9th Cir. 1985).

28   [6] The Government recognizes that the possibility remains that some of these documents may
     become discoverable during the course of the trial if they are material to any issue that is raised.

1    witnesses it expects to call at trial.  United States v. W.R. Grace, 493 F.3d 1119, 1128 (9th Cir. 2007).

2              **e.**        **Personnel files of federal agents**

3          Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and United States v. Cadet,

4    727 F.2d 1453 (9th Cir. 1984), the Government agrees to review the personnel files of its federal law

5    enforcement witnesses and to "disclose information favorable to the defense that meets the appropriate

6    standard of materiality . . . ."  Cadet, 727 F.2d at 1467-68.  Further, if counsel for the United States is

7    uncertain about the materiality of the information within its possession, the material will be submitted

8    to the court for in-camera inspection and review.  In this case, the Government will ask the affected law

9    enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the

10   case.

11         In United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the Ninth Circuit held that the

12   Assistant U.S. Attorney assigned to the prosecution of the case has no duty to personally review the

13   personnel files of federal law enforcement witnesses.  In Jennings, the Ninth Circuit found that the

14   present Department of Justice procedures providing for a review of federal law enforcement witness

15   personnel files by the agency maintaining them is sufficient compliance with Henthorn.  Id.  In this case,

16   the Government will comply with the procedures as set forth in Jennings.

17         Finally, the Government has no duty to examine the personnel files of state and local officers

18   because they are not within the possession, custody or control of the Federal Government.  United States

19   v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

20             **f.**        **Reports of witness interviews**

21         To date, the Government does not have any reports regarding witness interviews or otherwise

22   that have not been turned over to Defendant.  However, to the extent that such additional reports

23   regarding witness interviews are generated, the information sought by Defendant is not subject to

24   discovery under the Jencks Act, 18 U.S.C. § 3500.

25         Reports generated in connection with a witness's interview session are only subject to production

26   under the Jencks Act if the witness signed the report or otherwise adopted or approved the contents of

27   the report.  See 18 U.S.C. § 3500(e)(1); United States v. Miller, 771 F.2d 1219, 1231-31 (9th Cir. 1985)

28   ("The Jencks Act is, by its terms, applicable only to writings which are signed or adopted by a witness

07CR3301-JLS

1  and to accounts which are substantially verbatim recitals of a witness' oral statements."); <u>United States</u>

2  <u>v. Friedman</u>, 593 F.2d 109, 120 (9th Cir. 1979) (interview report containing a summary of a witness'

3  statements is not subject to discovery under the Jencks Act); <u>United States v. Augenblick</u>, 393 U.S. 248,

4  354 (1969) (rough notes of witness interview not a "statement" covering entire interview).  Indeed,

5  "both the history of the [Jencks Act] and the decisions interpreting it have stressed that for production

6  to be required, the material should not only reflect the witness' own words, but should also be in the

7  nature of a complete recital that eliminates the possibility of portions being selected out of context."

8  <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519, 522 (9th Cir. 1992).

9  **g.    Expert witnesses**

10  The Government will disclose to Defendant the name, qualifications, and a written summary of

11  testimony of any expert the Government intends to use during its case-in-chief at trial pursuant to Fed.

12  R. Evid. 702, 703, or 705 three weeks prior to the scheduled trial date.

13  **h.    Other discovery requests**

14  To the extent that the above does not answer all of Defendant's discovery requests, the

15  Government opposes the motion on the grounds that there is no authority requiring the production of

16  such material.

17  **IV**

18  **CONCLUSION**

19  For the foregoing reasons, the Government respectfully requests that the Court deny defendant's

20  motion to compel discovery.

21

22  DATED: February 25, 2008.                    Respectfully submitted,

23                                              Karen P. Hewitt
                                               United States Attorney

24
                                               s/ David D. Leshner
25                                             DAVID D. LESHNER
                                               Assistant U.S. Attorney

26

27

28

9                                              07CR3301-JLS

1

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

| UNITED STATES OF AMERICA, | ) | Case No. 07-CR-3301-JLS |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| RODOLFO VASQUEZ-GONZALEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

9

10

    I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age.

My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

11

12

    I am not a party to the above-entitled action.  I have caused service of **UNITED STATES'**

**RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY** on the

13

14

following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF

System, which electronically notifies them.

15

16

    Russell Babcock, Esq.

17

18

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on February 25, 2008.

19

20

21

            /s/ David D. Leshner
            DAVID D. LESHNER

22

23

24

25

26

27

28

07CR3301-JLS